# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHAMBERS OF<br>MARK FALK<br>UNITED STATES MAGISTRATE JUDGE | USPO & COURTHOUSE<br>1 FEDERAL SQ., ROOM 457<br>NEWARK, NJ 07101<br>(973) 645-3110 |

### LETTER OPINION AND ORDER

June 4, 2020

**TO ALL COUNSEL OF RECORD**

    Re:    **National Labor Relations Board, et al. v.
710 Long Ridge Road Operating Co. II, LLC,
et al.,
Civil Action No. 14-1725 (CCC)**

Dear Counsel:

    This matter is a consolidated appeal by Appellant, the National Labor Relations Board ("NLRB"), from Orders entered by the United States Bankruptcy Court for the District of New Jersey, which culminated in confirmation of Appellees'[1] Chapter 11 Plan of Reorganization. The factual and procedural history of this complex case has been discussed in prior opinions of this Court and the Bankruptcy Court and need not be repeated here. *See, e.g.*, *In re 710 Long Ridge Road Operating Co. II, LLC*, 518 B.R. 810 (Bankr. D.N.J. 2014); *National Labor Relations Board v. 710 Long Ridge Road Operating*

---

[1] Appellees are: 710 Long Ridge Road Operating Co. II, LLC; 240 Church Street Operating Company II, LLC; 1 Burr Road Operating Company II, LLC; 245 Orange Avenue Operating Company II, LLC; and 107 Osborne Street Operating Company II, LLC. Each Appellee operated an inpatient skilled nursing facility in the State of Connecticut.

1

*Co. II, LLC*, 2014 WL 1155539 (D.N.J. Mar. 21, 2014).

Before the Court is the NLRB's motion to compel discovery. [ECF No. 105.] Appellees oppose the motion. Following significant meet-and-confer efforts by counsel, one issue remains for decision: whether Mr. Daniel Straus - the CEO of Intervenor/Appellee Care Realty, LLC – is a necessary custodian who should have his electronically stored information ("ESI") searched as part of the discovery process. For the reasons set forth below, the NLRB's request to include Mr. Straus as an ESI custodian is **GRANTED**.

**Current Dispute**

After the NLRB appealed the Bankruptcy Court's Orders to this Court, Appellees filed a motion to dismiss the appeals as "equitably moot." [ECF No. 21.] In overly simplistic terms, the concept of equitable mootness allows for the dismissal of an appeal of a bankruptcy confirmation order when various circumstances and factors make unwinding implementation of the order extremely difficult. *See, e.g.*, *Nordhoff Investments, Inc. v. Zenith Electronics, Inc.*, 258 F.3d 180, 185 (3d Cir. 2001). As part of its motion, Appellees submitted declarations regarding events that allegedly took place after the confirmation hearing, i.e., events that they claim making unwinding the plan inequitable and effectively impossible. Among those declarations was the declaration of Victor Matthew Marcos, Appellees' former CFO, which detailed, among other things, that Appellees have allegedly paid out or distributed funds in excess of $26,000,000 in furtherance of the confirmed Plan and reorganization, and that Appellees

have transferred or sold operation of various facilities to an unrelated entity, Eagle Lake Foundation, Inc., pursuant to facility agreements.

The parties agree that discovery on these subjects is permissible, and a stipulation authorizing discovery was entered by the Court in 2016.[2] The disagreement is from whom such discovery should be sought, specifically with respect to the substance of the Marcos Declaration.

Appellees state that Mr. Marcos, and his financial associate, Mr. Michael Mendelsohn, possess ESI most relevant to the NLRB's discovery requests. The NLRB wants to include Mr. Straus as a third ESI custodian. The NLRB claims that there is no dispute that Mr. Straus was involved in the Eagle Lake transactions "at the highest levels." It also contends that limiting ESI searches to Mr. Marcos and Mr. Mendelsohn is insufficient because (1) Appellees have proposed searching ESI in a manner that will not recover emails that have been deleted or removed from a custodian's computer, and (2) Appellees did not have a formal retention policy in place during at least some of the relevant time period. Therefore, the NLRB wants to include Mr. Straus as a custodian to increase the odds that all relevant ESI is captured. Appellees oppose including Mr. Straus because they contend that the NLRB is harassing him, that backup tapes are available that can expand the scope of discoverable ESI without including Mr. Straus,

---

[2] The Stipulation provides in relevant part: "Appellants may seek, and the Appellees shall not unreasonably oppose, a reasonable extension of time to permit discovery necessary to confirm factual representations made in the Appellees' Supplemental Declaration or to ascertain additional facts relevant to the issue of equitable mootness." [ECF No. 84.]

3

and because Mr. Straus likely only has duplicative information.

**Legal Standard**

Federal Rule of Civil Procedure 26(b)(1) provides that a party may obtain discovery regarding "any nonprivileged material that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id.* It is "well recognized that the federal rules allow broad and liberal discovery." *Pacini v. Macy's*, 193 F.3d 766, 777-78 (3d Cir. 1999). Relevance is a broader inquiry at the discovery stage than at the trial stage, *see Nestle Food Corp. v. Aetna Cos. & Surety Co.*, 135 F.R.D. 101, 103 (D.N.J. 1990), and "relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Pearson v. Miller*, 211 F.3d 57, 65 (3d Cir. 2000). Assuming relevance, proportionality is a case-by-case determination subject to the Court's broad discretion. *See, e.g.*, *Employers Ins. Co. of Wausau v. Daybreak Express, Inc.*, 2017 WL 2443064, at *2 (D.N.J. June 15, 2017).

**Decision**

Appellees do not claim that including Mr. Straus as an ESI custodian will result in an undue burden or result in disproportionate expense. Instead, their argument is essentially that Mr. Straus is not a necessary custodian because his emails will likely be

of marginal relevance and ancillary to the substance of the Marcos declaration, and that any relevant emails will almost assuredly be captured by searching the emails of Messrs. Marcos and Mendelsohn.

This is a large and important case. Appellees note that they have already produced 4,000 pages of documents. However, in a case of this magnitude, with this kind of complicated history, that is not an inordinate amount of discovery. The Court believes it is reasonable to include Mr. Straus as a third ESI custodian. The parties do not dispute that Mr. Straus was involved in the Eagle Lake transactions, although they may disagree regarding the degree of his involvement relating to the assertions in the Marcos Declaration. But at a minimum, he is a party whose ESI may have some relevant information regarding the substance of the declarations. He is not a completely uninvolved party. Moreover, it makes sense to include Mr. Straus as a custodian since there appears to be some disagreement about the scope of ESI retention for the other two custodians, Marcos and Mendelsohn. The Court is not saying there is any legitimate retention issue and Appellees claim there is not. But, at the same time, the Court sees no undue burden or harm that would result from including Mr. Straus as a custodian – for example, no privilege concerns have been raised - and ensuring that the most fulsome production of ESI is accomplished in the first instance, so that this case may procced toward a resolution on the merits. The NLRB has made a showing that Mr. Straus may have some relevant ESI, and Appellees have not convincingly asserted that production of Mr. Straus's ESI is unduly burdensome or problematic. For that reason, the NLRB's

request to include Mr. Straus as an ESI custodian is **GRANTED**. If problems arise with the discovery, the parties may advise the Court, after satisfying their meet and confer obligations.

**s/Mark Falk**
**MARK FALK**
**United States Magistrate Judge**
