**COLE SCHOTZ P.C.**
A Professional Corporation
Court Plaza North
25 Main Street, P.O. Box 800
Hackensack, New Jersey 07602-0800
(201) 489-3000
Michael D. Sirota, Esq.
Ryan T. Jareck, Esq.
Attorneys for 710 Long Ridge Road Operating
Company II, LLC, *et al.*, Appellees

| | |
|---|---|
| In re:<br><br>710 LONG RIDGE ROAD OPERATING COMPANY II, LLC, *et al.*,<br><br>　　　　Reorganized Debtors. | UNITED STATES DISTRICT COURT<br>FOR THE DISTRICT OF NEW JERSEY<br>HONORABLE JULIEN XAVIER NEALS<br>CIV. ACTION NO. 14-CV-01725 (JXN) |
| THE NATIONAL LABOR RELATIONS BOARD AND THE NEW ENGLAND HEALTH CARE EMPLOYEES UNION, DISTRICT 1199, SEIU,<br><br>　　　　Appellants,<br><br>　　v.<br><br>710 LONG RIDGE ROAD OPERATING COMPANY II, LLC, *et al.*,<br><br>　　　　Appellees. | **DECLARATION OF JUSTINE COTTRELL IN SUPPORT OF THE APPELLEES' MOTION TO DISMISS THE APPEALS AS EQUITABLY MOOT** |

51689/0002-44062514v3

I, JUSTINE COTTRELL, declare pursuant to 28 U.S.C. § 1746:

1. I am employed as a Legal Analyst by the legal department of CareServices 173, LLC ("**CareServices**"), an affiliate of 710 Long Ridge Road Operating Company II, LLC, 240 Church Street Operating Company II, LLC, 1 Burr Road Operating Company II, LLC, 245 Orange Avenue Operating Company II, LLC and 107 Osborne Street Operating Company II, LLC (collectively, the "**Appellees**"). Prior to January 1, 2015, the Appellees operated inpatient skilled nursing facilities located in Connecticut. CareServices provides advisory services to facilities that provide health care services to individuals.

2. I have been employed by CareServices or affiliates thereof since 2011. As a result of my employment by and experience with CareServices, I am generally familiar with this case. I make this declaration (the "**Declaration**") on the Appellees' behalf.

3. I have been asked to submit this Declaration in further support of the Appellees' motion to dismiss [Docket No. 19] the above-captioned appeals filed by the Appellants of seven Orders entered by the United States Bankruptcy Court for the District of New Jersey as equitably moot. I understand that this Declaration is meant to supplement previous declarations submitted by Victor Matthew Marcos, the Appellees' former Chief Financial Officer. *See, e.g., Declaration in Support of the Motion* dated May 19, 2014 [Docket No. 20]; *Supplemental Declaration in*

*Support of the Motion* dated June 30, 2014 [Docket No. 59]; and *Second Supplemental Declaration in Support of the Motion* dated June 21, 2016 [Docket No. 88] (the "**Second Supplemental Marcos Declaration**").

4. I understand that the National Labor Relations Board (the "**NLRB**") has requested additional information and documents that support or refute that statement made by Mr. Marcos in the Second Supplemental Marcos Declaration, that between March 7, 2014 and December 31, 2014 (the "**Relevant Period**"), Care Realty, LLC funded millions of dollars in professional fees allocable to the Appellees. *See* Second Supplemental Marcos Declaration, ¶ 15.

5. I reviewed a list of professionals previously produced in discovery to the NLRB to understand which professionals performed services to the Appellees during the Relevant Period. From there, I performed searches through my electronic files and my emails given my employment in the legal department of CareServices or affiliates thereof at that time. I also understand that others in the Finance Department of CareServices searched the Appellees' files to obtain additional documents that may be relevant to the professionals' services.

6. The above process yielded certain documents and e-mail communications concerning the professionals, including engagement letters and invoices. I reviewed the documents and e-mail communications and provided information to supplement the attached chart (*see* **Exhibit A**), which summarizes

3

the professionals and their respective roles in connection with the Appellees. Despite my best efforts, however, I was unable to retrieve relevant documents as it relates to three professionals, as set forth in **Exhibit A**.

51689/0002-44062514v3

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Dated: December 9, 2022

_____
JUSTINE COTTRELL

51689/0002-44062514v3

6

# EXHIBIT A

51689/0002-44062514v3

**In re 710 Long Ridge Rd. Operating Co. II, LLC et al.**
**Professional Fees**

| Professional | Payments Received | Professional Role |
|---|---:|---|
| Alvarez & Marsal | 499,796.02 | Financial and operational advisors to the Appellees. |
| Bancroft Assoc | 570,718.24 | Appellate counsel to the Appellees in the Second Circuit Court of Appeals. |
| Bloom & Witkin | 73,609.25 | Real estate tax appeal counsel to the Appellees. |
| Chiesa Shahinian & Giantomasi | 106,351.82 | Corporate and real estate counsel to the Appellees. |
| Cole Schotz | 1,451,952.27 | Bankruptcy counsel to the Appellees. |
| Drinker Biddle & Reath | 46,815.36 | Counsel to the Patient Care Ombudsman. |
| Eisner Amper | 71,246.20 | Financial advisors to the Official Committee of Unsecured Creditors. |
| Epstein Becker & Green (1) | 33,490.35 | Unable to locate responsive records. |
| Eureka Capital Markets | 357,276.45 | Investment Banker to the Appellees post-confirmation. |
| Gavin Solmonese | 77,245.05 | Medical operations advisor to the Patient Care Ombudsman. |
| Gibbons | 106,661.00 | Counsel to Care Realty, LLC, the backstop funder and plan sponsor of the Appellees' plan of reorganization. |
| G-L LTD | 4,715.00 | Labor arbitration fee as it relates to Long Ridge of Stamford complaint/grievance. |
| Greenberg, Trager & Herbst, LLP | 261,312.41 | Real estate and construction counsel to the Appellees. |
| Hirsch Roberts Weinstein | 61,174.04 | Labor and employment counsel to the Appellees. |
| Littler Mendelson | 1,301,542.04 | Labor/ULP/CBA counsel to the Appellees. |
| Logan & Co | 44,296.98 | Administrative and claims and noticing advisor to the Appellees. |
| Morris Manning & Martin (1) | 295,245.55 | Unable to locate responsive records. |
| Morrow Morgan Smith | 19,250.00 | Real estate appraiser and valuation expert for tax appeals for the Appellees. |
| Office of the US Trustee | 118,337.62 | Division of Department of Justice overseeing Appellees' Chapter 11 cases and post-confirmation requirements. |
| Ogletree Deakins Nash Smoak & Stewart | 226,434.35 | Labor and employment counsel to the Appellees. |
| Okin Holander | 255,364.20 | Counsel to Healthbridge Management LLC, the former management company of the Appellees. |
| Porzio Brombert & Newman | 216,769.60 | Counsel to the Official Committee of Unsecured Creditors. |
| Sills Cummis & Gross (1) | 11,142.00 | Unable to locate responsive records. |
| Wiggin & Dana | 31,210.69 | Healthcare and HIPAA counsel to the Appellees. |
| **Total** | **6,241,956.49** | |

(1) After a thorough review of the Appellees' files, the Appellees are unable to determine what specific role these professionals were retained for.  These professionals are included based on the Appellees' accounting and banking records, which were previously produced to the NLRB.